UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
In re:                                                                    Chapter 7

  ANTHONY FUSCO                                    Case No. 18-42451-ess
  *aka* ANTHONY JOHN FUSCO,

        Debtor.
-------------------------------------------------------------------x
FRED BLAKE
*aka* FREDERICK BLAKE,

        Plaintiff,                        Adv. Pro. No. 19-01149-ess

  -against-

ANTHONY FUSCO
*aka* ANTHONY JOHN FUSCO,

        Defendant.
-------------------------------------------------------------------x

## MEMORANDUM DECISION ON THE PLAINTIFF'S
## MOTION FOR SUMMARY JUDGMENT

*Appearances*:

Steven S. Newburgh, Esq.    Lawrence R. Gelber, Esq.
McLaughlin & Stern, LLP    34 Plaza Street East (Suite 1107)
525 Okeechobee Boulevard   Brooklyn, NY 11238
City Place Office Tower (Suite 1700)  *Attorneys for Defendant*
West Palm Beach, FL 33401   *Anthony Fusco, aka Anthony John Fusco*


Chester R. Ostrowski, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016
 *Attorneys for Plaintiff*
 *Fred Blake, aka Frederick Blake*

**HONORABLE ELIZABETH S. STONG**
**UNITED STATES BANKRUPTCY JUDGE**

## Introduction

Before the Court is the motion for summary judgment of plaintiff Fred Blake, *aka* Frederick Blake.  In his summary judgment motion, Mr. Blake seeks two forms of relief – an order to confirm an arbitration award issued by the Financial Industry Regulatory Authority Office of Dispute Resolution, and separately, a determination that the debt arising from the arbitration award is nondischargeable pursuant to Bankruptcy Code Section 523(a)(19).  This Court confirmed the arbitration award in a memorandum decision and corresponding order and judgment on September 3, 2021.  The Court now turns to the second matter – that is, whether the debt comes within Section 523(a)(19)'s exception to discharge for debts arising from securities law violations and securities fraud.

## Jurisdiction

This Court has jurisdiction over this adversary proceeding pursuant to Judiciary Code Sections 157(b)(1) and 1334(b), and the Standing Order of Reference dated August 28, 1986, as amended by the Order dated December 5, 2012, of the United States District Court for the Eastern District of New York.  In addition, this Court may adjudicate these claims to final judgment to the extent that they are core proceedings, pursuant to Judiciary Code Section 157(b), and to the extent that they are not core proceedings, pursuant to Judiciary Code Section 157(c) because the parties have stated their consent to this Court entering a final judgment.  July 26, 2021 Hearing Transcript, 101:4-9, 102:5-16, ECF No. 36.  *See Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, 671 (2015) (holding that in a non-core proceeding, a bankruptcy court may enter final orders "with the consent of all the parties to the proceeding" (quoting 28 U.S.C. § 157(c)(2)).

1

The following are the Court's findings of fact and conclusions of law to the extent required by Federal Rule of Civil Procedure 52, made applicable here by Bankruptcy Rule 7052.

## **Background**

### *The FINRA Arbitration*

On April 7, 2015, Mr. Blake commenced an arbitration by filing a Statement of Claim with the Financial Industry Regulatory Authority ("FINRA") against Mr. Fusco, Legend Securities, Inc. ("Legend"), and certain agents of Legend. *See* Arbitration No. 15-00802, *Frederick Blake v. Legend Securities, Inc., Anthony Fusco, Frank Philip Fusco, Brian Keith Decker, Daren Frances Dorval, Steven John Meyer, and Bernardo Misseri* (the "Arbitration" or "FINRA Arbitration"); Plaintiff's Motion for Summary Judgment (the "Motion" or "Mot. Summ. J."), ECF No. 21, ¶ 1.  In the Statement of Claim, Mr. Blake alleged that Mr. Fusco and others committed fraud, breach of fiduciary duty, churning, misrepresentations, non-disclosures, omission of facts, unauthorized trading, violation of state "blue sky" laws, failure to supervise, negligence, and mark-ups regarding unauthorized securities transactions performed for him by Legend brokers that were not registered in Florida.  Mot. Summ. J., Exh. B (the "Award") at 2. Mr. Blake requested relief in the form of compensatory damages, costs, pre-judgment interest at the statutory rate, and rescission damages.  *Id*.  And he sought additional relief in the form of an award of punitive damages and a finding that Mr. Fusco and others were liable under the Florida Securities and Investor Protection Act.  *Id*.

On June 1, 2015, Mr. Fusco and the other respondents in the FINRA Arbitration filed a joint Statement of Answer to Statement of Claim, asserting thirteen affirmative defenses and requesting dismissal of all claims as well as an award of their attorneys' fees and costs. Declaration of Debtor Anthony John Fusco ("Fusco Decl."), ECF No. 22, ¶ 37; Complaint

("Compl."), ECF No. 1, ¶ 1.  On May 13, 2019, Mr. Fusco submitted a hearing brief arguing, among other things, that he had no connection to Mr. Blake's securities accounts, and did not communicate with him in any capacity.  Fusco Decl., Exh. Y at 1-2 ("Fusco Hearing Brief").  He also asserted that each Legend broker that sold a security to Mr. Blake was properly registered in Florida.  Fusco Hearing Brief at 2.

On June 3, 2019, FINRA held an evidentiary hearing in the Arbitration in Boca Raton, Florida, at which Mr. Fusco appeared *pro se* and testified on his own behalf.  Award at 1, 6.  At the conclusion of the hearing, Mr. Blake requested an award of damages in the total amount of $966,708.15, comprised of $110,622.95 in compensatory damages, $141,073.76 in statutory interest, $83,890.51 in attorneys' fees, $1,879.15 in costs, and $629,241.78 in punitive damages.  Mot. Summ. J., ¶ 10.

Just over three weeks later, on June 25, 2019, FINRA issued the Award, finding Mr. Fusco jointly and severally liable with the other respondents for damages in the total amount requested by Mr. Blake.  The Award also imposed joint and several liability on Mr. Fusco and the other respondents for certain additional fees assessed by FINRA, in the total amount of $10,425.00.  Award at 6-7.

In the Award, the arbitration panel found, "based on clear and convincing evidence," that Mr. Fusco and the other respondents intentionally engaged in misconduct with respect to Mr. Blake's securities accounts and "knowingly participated, condoned, ratified and consented to the conduct of [Legend's] employees, brokers and agents."  Award at 4.  This misconduct included "excessively trading and churning" accounts, "improperly recording trades as unsolicited" on account statements, "fraudulently misrepresenting or failing to disclose markups and exorbitant commissions," failing to disclose that certain brokers who solicited transactions from Mr. Blake

were not registered brokers in Florida, and "failing to follow [Mr. Blake's] instructions including instructions to close his accounts." *Id.*

Following FINRA's issuance of the Award, and as of the date of this Motion, neither Mr. Fusco nor any of the other respondents has paid any portion of the Award to Mr. Blake.

*Mr. Fusco's Bankruptcy Case and the Motion for Stay Relief*

On April 28, 2018, while the Arbitration was pending, Mr. Fusco filed a petition for relief under Chapter 7 of the Bankruptcy Code. On October 5, 2018, Mr. Blake filed a motion for relief from the automatic stay with respect to the Arbitration. On December 20, 2018, the Court entered an order in Mr. Fusco's bankruptcy case modifying the automatic stay to permit "[t]he FINRA arbitration proceedings [to] be recommenced any time after fourteen (14) days from the entry of this Order" and to limit "[t]he relief from the automatic stay . . . to the entry of a final decision and/or award by FINRA." Stay Relief Order, *In re Anthony Fusco*, Case No. 18-42451, ECF No. 67, at 2. And on November 20, 2019, the Court entered an order discharging Mr. Fusco.

*This Adversary Proceeding*

On November 15, 2019, following the issuance of the Award, Mr. Blake commenced this adversary proceeding by filing a complaint against Mr. Fusco. He seeks to confirm the Award entered in the FINRA Arbitration and to determine that Mr. Fusco's debt owed to him is nondischargeable under Bankruptcy Code Sections 523(a)(2) and 523(a)(19). On January 24, 2020, Mr. Fusco filed an answer to the Complaint. On March 4, 2021, Mr. Blake filed a motion seeking, among other relief, confirmation of the Award and summary judgment as to his claim

that the debt owed to him by Mr. Fusco is nondischargeable under Bankruptcy Code Section 523(a)(19).[1]

*Confirmation of the Award*

This Court first considered Mr. Blake's request to confirm the Award and Mr. Fusco's opposition thereto.  From time to time, the Court held hearings on whether the Award should be confirmed, at which Mr. Blake and Mr. Fusco, each by counsel, appeared and were heard.  On September 3, 2021, this Court entered a memorandum decision confirming the Award. Memorandum Decision Confirming Arbitration Award (the "Decision"), ECF No. 44.  On the same day, this Court entered an order and judgment confirming the Award.  Order Confirming Arbitration Award (the "Confirmation Order"), ECF No. 45.  Then, on September 14, 2021, Mr. Fusco filed a motion seeking reconsideration of the Decision.  Defendant's Motion for Reconsider (the "Motion to Reconsider"), ECF No. 46.  This Court entered an order denying the Motion to Reconsider on February 2, 2022.  Order Denying Motion to Reconsider, ECF No. 61.

*Mr. Blake's Arguments in Support of Summary Judgment*

Mr. Blake moved for summary judgment on his Section 523(a)(19) nondischargeability claim in the Motion filed on March 4, 2021.  Following this Court's confirmation of the Award, on October 1, 2021, Mr. Blake reiterated and supplemented his arguments in support of summary judgment in his supplemental memorandum of law.  Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment on Non-Dischargeability (the "Supplemental Memorandum" or "Plf. Supp. Mem."), ECF No. 50.  His arguments in support of summary judgment are set forth in the Motion and in the Supplemental Memorandum.

---

[1]  On September 3, 2021, this Court entered an Order and Judgment confirming the Award. Accordingly, this Memorandum Decision address only the matter of dischargeability under Section 523(a)(19).

Mr. Blake notes that a finding of nondischargeability under Section 523(a)(19) is predicated upon two conditions.  First, he must satisfy one of the two provisions listed under Section 523(a)(19)(A) – namely, that the debt arises from a violation of state or federal securities law as set forth in Section 523(a)(19)(A)(i), or that the debt arises from fraud, deceit, or manipulation in connection with the sale or purchase of a security as set forth in Section 523(a)(19)(A)(ii).  And, second, he must satisfy Section 523(a)(19)(B)'s requirement that the debt "results . . . after the date on which the petition was filed, from . . . [a] judgment [and] order . . . entered in [a] Federal . . . judicial . . . proceeding."  Plf. Supp. Mem. at 5.  He argues that no genuine issue of material fact exists as to either of these two essential elements of his Section 523(a)(19) claim.  Plf. Supp. Mem. at 3.

As to the first element, Mr. Blake asserts that Mr. Fusco's debt falls within both categories of nondischargeability set forth in Sections 523(a)(19)(A)(i) and 523(a)(19)(A)(ii), and that each category provides a separate and independent basis for the relief that he seeks.  Plf. Supp. Mem. at 3.  As to the first, Mr. Blake explains that this statutory provision prohibits the discharge of a debt caused by the violation of "'any of the State securities laws.'"  Mot. Summ. J. ¶ 35 (quoting *Lunsford v. Process Tech. Serv., LLC* (*In re Lunsford*), 848 F.3d 963, 966 (11th Cir. 2017) (citing 11 U.S.C. § 523(a)(19)(A)(i))).  He points to the fact that the Award states that Mr. Fusco violated the Florida Securities Act, and argues that this is sufficient to establish that the debt arises from the violation of state securities laws.  Mot. Summ. J. ¶ 36 (citing *In re Lunsford*, 848 F.3d at 967).  He also points to the arbitration panel's finding that Mr. Fusco was jointly and severally liable to Mr. Blake "for compensatory damages due to, among other things, 'violations of blue sky laws.'"  Plf. Supp. Mem. at 5 (quoting Award at 4, ¶ 1).  Mr. Blake explains that "[t]he phrase 'blue sky laws' . . . as used in the Award in this case, refers

6

specifically to the Florida Securities and Investor Protection Act." Plf. Supp. Mem. at 6 (citing

U.S. Securities and Exchange Commission, Glossary, Blue Sky Laws, available at

https://www.investor.gov/introduction-investing/investing-basics/glossary/blue-sky-laws). And

he argues that "the arbitration panel made clear that the Debtor's liability, as well as the measure

of damages awarded, was based on violations of the Florida Securities Act." Plf. Supp. Mem. at

6 (citing Award, ¶¶ 1-3). *See* Mot. Summ. J. ¶ 37.

In addition, Mr. Blake argues that the debt based on the Award is not dischargeable under

Bankruptcy Code Section 523(a)(19)(A)(i) "irrespective of whether the Debtor violated the

Florida Securities Act." Mot. Summ. J. at 10, § B ¶. He notes that, as the court found in *In re

Lunsford*, "'[t]he text and structure of section 523(a)(19)(A) unambiguously prevent discharge of

debts for the violation of securities laws irrespective of debtor conduct.'" Mot. Summ. J. ¶ 39

(quoting *In re Lunsford*, 848 F.3d at 968 (internal quotations omitted)). He argues that there, the

debtor was a party to an arbitration where the arbitrators found that other parties violated state

securities laws. Mot. Summ. J. ¶ 40 (citing *In re Lunsford*, 848 F.3d at 967-68). And the court

concluded that the debt at issue was nondischargeable under Section 523(a)(19)(A)(i), even in

the absence of a finding that the debtor specifically violated state securities law, because the debt

was ultimately based on a state securities law violation and the debtor was a party to the

arbitration from which the debt arose. Mot. Summ. J. ¶ 41 (citing *In re Lunsford*, 848 F.3d at

968-69).

Mr. Blake recognizes that at least one Circuit has followed a different path. He notes that

in *Sherman v. SEC* (*In re Sherman*), 658 F.3d 1009 (9th Cir. 2011), *abrogated on other grounds

by Bullock v. BankChampaign, N.A.*, 589 U.S. 267 (2013), the court found that a debt arising

from state securities law violations caused by the conduct of others was dischargeable because

the plaintiff did not even allege that the debtor was responsible for any securities-related wrongdoing. Rather, the debtor was an "honest but unfortunate debtor" who – like the debtor in *In re Lunsford* – was party to a finding of state securities law violation based on the conduct of others, but who – unlike the debtor in *In re Lunsford* – was not alleged to be individually responsible for any securities-related wrongdoing. Mot. Summ. J. ¶¶ 42-43 (citing *In re Lunsford*, 848 F.3d at 969; *In re Sherman*, 658 F.3d at 1016, n.9). Mr. Blake distinguishes Mr. Fusco from the "innocent" debtor in *In re Sherman*, arguing that here, "[he] alleged – and the arbitrators found – that [Mr. Fusco] was jointly responsible for, and participated in, the violations of the Florida Securities Act." Mot. Summ. J. ¶ 44 (citing Award at 4-5, ¶¶ 1-5).

Turning to the second category of debts that satisfy the first element of his Section 523(a)(19) claim, Mr. Blake argues that the debt arising from the Award is "indisputably for 'common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.'" Plf. Supp. Mem. at 4 (quoting 11 U.S.C. § 523(a)(19)(A)(ii)). He reiterates that the arbitration panel found Mr. Fusco to be jointly and severally liable to him for compensatory damages due to "'fraud, manipulations, misrepresentations and non-disclosures, omission of facts, [and] unauthorized trading' in connection with the purchase of securities in [Mr.] Blake's brokerage accounts." Plf. Supp. Mem. at 3 (quoting Award at 4, ¶ 1). *See* Mot. Summ. J. ¶¶ 32-33. And he argues that the arbitrators "found that the Debtor 'knowingly participated, condoned, ratified and consented to' the other Arbitration respondents' 'fraudulently misrepresenting' and/or 'failing to disclose markups and exorbitant commissions.'" Mot. Summ. J. ¶ 33 (quoting Award at 4-5, ¶ 5). *See* Plf. Supp. Mem. at 4 (quoting Award at 4-5, ¶ 5).

Mr. Blake additionally notes that the arbitration panel:

specifically "found, based on clear and convincing evidence that, Respondents Legend, A. Fusco [(*i.e.*, the Debtor)], Decker, Meyer, and Misseri engaged in intentional

>misconduct . . . in excessively trading and churning Claimant's account; improperly recording trades as unsolicited as opposed to solicited on account statements; fraudulently misrepresenting or failing to disclose mark-ups and exorbitant commissions; failing to disclose that Respondents Misseri and Decker (who solicited and/or recommended many of the transactions which caused Claimant's losses) were not registered brokers in Florida; and failing to follow Claimant's instructions including instructions to close his account."

Plf. Supp. Mem. at 4 (quoting Award at 4-5, ¶ 5).

In support of this argument, Mr. Blake cites to *Smith v. Gibbons* (*In re Gibbons*), 311 B.R. 402 (S.D.N.Y. 2004), *aff'd*, 155 F. App'x 534 (2d Cir. 2005), where the district court affirmed the bankruptcy court's finding that a debt was nondischargeable under Section 523(a)(19) on grounds that "'it is facially apparent that the arbitration award against [the debtor] falls four-square within the scope'" of Section 523(a)(19)(A)(ii) since the arbitration award, which was confirmed in federal court, "explicitly states that '[t]he case involved the purchase and/or sale of numerous securities' and that '[t]he panel made a specific finding that [the debtor] . . . committed fraud.'" Plf. Supp. Mem. at 4 (quoting *In re Gibbons*, 311 B.R. at 403). And he asserts that Florida case law recognizes churning as an act of fraud. Plf. Supp. Mem. at 4 (quoting *Viscomi v. Paine, Webber, Jackson & Curtis, Inc.*, 596 F. Supp. 1537, 1537-38 (S.D. Fla. 1984) (finding that "the act of churning itself is a deception or fraud").

As to the second element, under Section 523(a)(19)(B), Mr. Blake asserts that this Court's Confirmation Order, entered on September 3, 2021, satisfies the requirement that the debt at issue "results . . . from any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding." 11 U.S.C. § 523(a)(19)(B)(i). He argues that this bankruptcy court has the "'jurisdiction and authority to enter the 'resulting' judgment. . . in a wide array of adversary proceedings to except debts from discharge'" under Section 523(a)(19). Plf. Supp. Mem. at 5 (quoting *Floyd v. Hill* (*In re Hill*), 495 B.R. 646, 660-61

(Bankr. D.N.J. 2013)).  And he argues that "'the clear language of Section 523(a)(19)(B) permits the bankruptcy court to establish the debtor's liability for a securities violation.'"  Plf. Supp. Mem. at 5 (quoting *Gelber v. Jensen-Ames* (*In re Jensen-Ames*), 2011 WL 1238929, at *9 (Bankr. W.D. Wash. Mar. 30, 2011)).

With respect to each of these two necessary elements of his nondischargeability claim, Mr. Blake argues that there is no genuine dispute of material fact, because the relevant facts here are "indisputable."  Mot. Summ. J. ¶ 52.  Mr. Blake argues that the arbitrators' conclusions of fact within the Award are "'"evidence of nondischargeability'"" and that Mr. Fusco is collaterally estopped from relitigating the arbitration panel's factual determinations.  Mot. Summ. J. ¶ 36 (quoting *In re Lunsford*, 848 F.3d at 967) (quoting *Halpern v. First Georgia Bank* (*In re Halpern*), 810 F.2d 1061, 1064 (11th Cir. 1987)).  And he notes that the U.S. Supreme Court has held that "collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a)."  Mot. Summ. J. ¶ 46 (citing *Grogan v. Garner*, 498 U.S. 279, 284, 291, n.11 (1991)).  He also asserts that collateral estoppel may be applied to reach a conclusion about an underlying factual issue necessary to establish dischargeability in an action commenced under Section 523.  Mot. Summ. J. ¶ 46 (citing *Bard v. Appel* (*In re Appel*), 315 B.R. 645, 648 (E.D.N.Y. 2004) (citing *Grogan*, 498 U.S. at 284, 281, n.11)).  He reasons that here, the arbitration panel's factual determinations have collateral estoppel effect, since those determinations address an underlying factual issue necessary to establish an exception to discharge under Section 523.  Mot. Summ. J. ¶ 46.

And Mr. Blake notes that many courts have similarly concluded that collateral estoppel is appropriate in these circumstances.  *See* Plf. Supp. Mem. at 6-7 (citing *In re Appel*, 315 B.R at 648; *Page v. Carozza* (*In re Carozza*), 167 B.R. 331, 340 (Bankr. E.D.N.Y. 1994) (observing

that "[a]ll elements required for a determination that Debtor's obligation pursuant to the State Court's judgment is non-dischargeable have been decided, with collateral estoppel effect, and Plaintiff is entitled to judgment as a matter of law."); *Simon v. Boccarsi* (*In re Boccarsi*), 578 B.R. 800, 809-12) (Bankr. N.D. Ill. 2017) (giving preclusive effect to state court judgment against the debtor and in favor of plaintiff in case involving securities fraud and, therefore, granting summary judgment in favor of plaintiff under Section 523(a)(19)); *In re Lunsford*, 848 F.3d at 966-67 (affirming decision of bankruptcy court that utilized issue preclusion to adopt arbitrators' factual conclusions, and considered those matters as evidence of non-dischargeability); *Gray v. Wenzel* (*In re Gray*), 2011 WL 5403078, at *6 (B.A.P. 9th Cir. July 7, 2022) (affirming bankruptcy court's use of issue preclusion based on state court judgment awarding damages against the debtors for "securities fraud" in granting "summary judgment determining that securities fraud award nondischargeable").

Here, Mr. Blake asserts that Florida law governs the applicability of issue preclusion, and that each of the three elements necessary for issue preclusion under Florida law is satisfied here. Mot. Summ. J. ¶¶ 49-52 (citing *In re Appel*, 315 B.R. at 648). He states that "'[i]n determining whether an arbitration decision in [Florida] collaterally estops the debtor from relitigating the issues which relate to dischargeability, the Court must refer to the applicable [Florida] law which would give preclusive effect to the decision and judgment, and decide if the required elements have been satisfied.'" Plf. Supp. Mem. at 7 (quoting *In re Appel*, 315 B.R. at 648 (brackets in original)). And he argues that "[u]nder Florida law, three elements must be met for issue preclusion [to] apply: '(1) the issue at stake must be identical to the one involved in the prior proceeding; (2) the issue must have been actually litigated in the prior proceeding; and (3) the determination must have been a critical and necessary part of the judgment in that prior

proceeding'."  Plf. Supp. Mem. at 7 (quoting *In re Appel*, 315 B.R. at 648; and citing *In re Halpern*, 810 F.2d 1061, 1064).

Specifically, Mr. Blake argues that the arbitrators' findings that Mr. Fusco violated the Florida Securities Act and engaged in "fraud, manipulations, misrepresentations and non-disclosures, omission of facts, [and] unauthorized trading" are identical to the issues necessary to determine the dischargeability of the debt in this proceeding.  Mot. Summ. J. ¶¶ 50-51 (quoting Award at 2, 4-5, ¶¶ 1-5).  And he argues that these issues were actually litigated in the Arbitration, because Mr. Fusco participated in the Arbitration.  Mot. Summ. J. ¶ 51 (citing Award at 3; Declaration, ¶ 3).  Finally, he argues that the determination of joint and several liability by the arbitrators was a critical and necessary party of the judgment in the arbitration "by definition, because the Award is explicitly based on these determinations by the arbitrators."  Mot. Summ. J. ¶ 51 (citing Award at 4-5, ¶¶ 1-5).

In sum, Mr. Blake argues that Mr. Fusco is barred from relitigating the merits of the findings of fact by the arbitrators and that "based on these indisputable findings of fact, summary judgment should be granted that the debt based on the Award is not dischargeable pursuant to Sections 523(a)(19)(A)(i) and/or 523(a)(19)(A)(ii) of the Bankruptcy Code."  Mot. Summ. J. ¶ 52.

### *Mr. Fusco's Arguments in Opposition to Summary Judgment*

Mr. Fusco responds that Mr. Blake's request for summary judgment should be denied, and that the debt arising from the Award should be discharged.  On March 30, 2021, Mr. Fusco filed a memorandum of law in opposition to the initial Motion for Summary Judgment.  Defendant's Memorandum of Law in Opposition to the Motion for Summary Judgment (the "Opposition" or "Opp."), ECF No. 26.  And on October 29, 2021, following the confirmation of

the Award, Mr. Fusco filed a memorandum of law in opposition to Mr. Blake's Supplemental

Memorandum.  Defendant's Memorandum of Law in Opposition to Summary Judgment on Non-

Dischargeability (the "Supplemental Opposition" or "Def. Supp. Opp."), ECF No. 54.

Mr. Fusco argues that the debt should be discharged because, in substance, he is an

"honest but unfortunate" debtor.  Opp. at 31; Def. Supp. Opp. at 2.  He states that this assertion

he makes is not "an effort to re-litigate the arbitration," but rather "to emphasize that Mr. Fusco

is, and always has been, *de facto* honest."  Def. Supp. Opp. at 2.  He argues that "'exceptions to

discharge should be limited to dishonest debtors seeking to abuse the bankruptcy system in order

to evade the consequences of their misconduct.'"  Def. Supp. Opp. at 4 (quoting *In re Sherman*,

658 F.3d at 1009).  And he notes that the Bankruptcy Code "discharges preexisting debts in order

to give 'honest but unfortunate' debtors a fresh start."  Def. Supp. Opp. at 6 (citing *Cohen v. de

la Cruz*, 523 U.S. 213, 217 (1998)).

In support of this argument, Mr. Fusco points to decisions interpreting the tern "willful"

in the context of a different discharge exception, for "willful and malicious injury by the debtor

to another entity or to the property of another entity," as set forth in Section 523(a)(6).  Def.

Supp. Opp. at 7 (citing *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006); *Kawaauhau v.

Geiger*, 523 U.S. 57, 61 (1998); *Navistar Fin. Corp. v. Stelluti* (*In re Stelluti*), 94 F.3d 84, 87-88

(2d Cir. 1996)).  He also argues that Mr. Blake improperly relies on *In re Lunsford* for the

proposition that Section 523(a)(19)(A)(i) applies to exclude a debt from discharge regardless of

whether the debtor violated state securities law.  He argues that other circuits – including the

Ninth Circuit and Tenth Circuit – disagree with the Eleventh Circuit's holding in *In re Lunsford*.

Opp. at 33-34 (citing *Okla. Dept. of Sec. v. Wilcox*, 691 F.3d 1171, 1176-77 (10th Cir. 2012); *In

re Sherman*, 658 F.3d at 1012).  And he argues that the Second Circuit – which has not yet

addressed this question– is likely to adopt the approach of the Ninth Circuit and Tenth Circuit in light of the Supreme Court's "rule of construction interpreting the § 523(a) exceptions to discharge narrowly against the objecting creditor and liberally in favor of the debtor's discharge." Opp. at 34 (citing *Kawaauhau*, 523 U.S. at 62; *Grogan*, 498 U.S. at 286-87).

Turning to the record here, Mr. Fusco argues that, under the conduct-based approach outlined by the Ninth and Tenth Circuits, he is an innocent party entitled to the discharge of his debt. Opp. at 33 (citing Fusco Decl., Exh. T). He argues that "the Award nowhere contained the necessary element that Mr. Fusco set out to cause the losses." Def. Supp. Opp. at 7. Rather, Mr. Fusco argues, the arbitration panel found only that the "the conduct was either intentional or grossly negligent" and did not make a "specific finding one way or the other" as to Mr. Fusco's intent to cause harm to Mr. Blake. Def. Supp. Opp. at 8. And he notes that the Award found only that "'[Respondents engaged in] intentional misconduct and/or were grossly negligent in excessively trading and churning Claimant's account.'" Def. Supp. Opp. at 8 (quoting Award at 4, ¶ 5). He argues that the arbitration panel "did not specify any deliberate, malicious act by Mr. Fusco that was intentionally designed to harm Mr. Blake." Def. Supp. Opp. at 8. And he asserts that "[t]here was no mechanism by which Mr. Fusco could [have] directly harmed Mr. Blake with specific intent to do so." Def. Supp. Opp. at 9. Mr. Fusco notes that he "was not Plaintiff's broker, had no supervisory role over Plaintiff's broker, had no nexus to Plaintiff's account, never made a misrepresentation to Plaintiff, [and] never omitted a material fact from any communication with Plaintiff." Opp. at 31.

As to Mr. Blake's argument that the debt is for a violation of federal or state securities law, as defined in Section 523(a)(19)(A)(i), Mr. Fusco responds that Mr. Blake did not allege any federal or state securities claims against him specifically, and notes that Mr. Blake's

Statement of Claim did not include any federal securities claims.  Opp. at 31-32.  And he argues

that "while Florida state securities violations were alleged . . . they were all asserted to press a

strict liability standard applicable to sellers of securities in Florida who were not licensed to do

so."  Opp. at 31-32.  Mr. Fusco also notes that none of the allegations under Florida securities

law was made against him specifically.  He points to the Statement of Claim which names only

the other respondents Legend, Mr. Misseri, and Mr. Decker – and not him – in requesting

damages and attorneys' fees for violations of Florida's securities law.  Opp. at 32 (quoting Fusco

Decl., Exh. X ("Statement of Claim") ¶¶ 9-10).

        Mr. Fusco acknowledges that in the Statement of Claim, Mr. Blake specifically alleges

that "'all respondents'" are liable for attorneys' fees "because 'Legend knowingly employed

Misseri and Decker despite the fact that they were not registered in Florida.'" Opp. at 32

(quoting Statement of Claim ¶ 13).  But he argues that this allegation does not reach him,

because it "does not assert that [he] employed them."  Opp. at 32.  Similarly, Mr. Fusco argues

that the Award assessed attorney's fees against him under Florida Statute 517, "[d]espite no

demand in the [Statement of Claim] against [him]" under that statute.  Opp. at 32 (quoting

Statement of Claim ¶ 10).

        And as to Mr. Blake's argument that the debt was for a securities law violation as defined

in Section 523(a)(19)(A)(ii), Mr. Fusco responds that Mr. Blake's assertions are "disingenuous."

Opp. at 32.  He argues that Mr. Blake's argument relies on "supposed" findings of the

"completely irrational" Award.  *Id.*  Mr. Fusco claims that the Award "impossibly finds that [he]

engaged in unauthorized trading, when he engaged in none."  Opp. at 32 (citing Fusco Decl. ¶¶

21, 57).  And he asserts that the Award's finding that he "'failed to disclose mark-ups and

exorbitant commissions'" was not supported by evidence.  Opp. at 32-33 (quoting Award at 4, ¶5; citing Fusco Decl. ¶ 15, Fusco Decl., Exhs. F, G).

Finally, Mr. Fusco asserts that: "'Section 523(a)(19) explicitly requires both subsections (A) and (B) to be met.'"  Def. Supp. Opp. at 4 (quoting *Garcia v. Sklar* (*In re Sklar*), 626 B.R. 750, 768 (S.D.N.Y. 2021)).  He argues that Mr. Blake has not satisfied Section 523(a)(19)(B), which requires, in substance, that a debt result from an order or judgment entered in a federal or state judicial proceeding, a settlement agreement, or an administrative order.  Def. Supp. Opp. at 4.  Specifically, he argues that the arbitration panel was convened under FINRA's arbitration arm, FINRA Dispute Resolution, Inc., as opposed to FINRA's administrative arm, FINRA Regulation, Inc.  Def. Supp. Opp. at 5.  As a result, he asserts, the arbitration was not a federal judicial proceeding, a state judicial proceeding, a federal administrative proceeding, or a state administrative proceeding, and therefore the Award cannot satisfy Section 523(a)(19)(B).  Def. Supp. Opp. at 6.

*Mr. Blake's Reply in Further Support of Summary Judgment*

On April 3, 2021, Mr. Blake filed a memorandum of law in response to Mr. Fusco's Opposition.  Plaintiff's Memorandum of Law in Reply to the Opposition (the "Reply"), ECF No. 28.  And on November 12, 2021, following this Court's confirmation of the Award, Mr. Blake filed a supplemental memorandum of law in reply to Mr. Fusco's Supplemental Opposition.  Plaintiff's Memorandum of Law in Further Support of Motion for Summary Judgment on Non-Dischargeability (the "Supplemental Reply" or "Plf. Supp. Reply"), ECF No. 57.

In his Reply, Mr. Blake states that Mr. Fusco's opposition arguments are "a thinly-veiled attempt to relitigate issues that were previously tried in the FINRA arbitration proceedings which

the Defendant attended, in person," and reiterates that summary judgment on the question of dischargeability is warranted at this time. Reply ¶ 6.

In his Supplemental Reply, Mr. Blake replies to Mr. Fusco's argument "that '[n]one of the elements of subsection B are met here.'" Plf. Supp. Reply at 3 (quoting Def. Supp. Opp. at 4). He states that the debt in question here "is the debt resulting from the Confirmation Order and Judgment entered by this Court on September 3, 2021." Plf. Supp. Reply at 3. He argues that "[i]n the Second Circuit, 'when an arbitration award is enforced through a judgment, the 'debt created by [the award] merges with a judgment entered on that [award], so that the [award] debt is extinguished and only the judgment debt survives.'" Plf. Supp. Reply at 3 (quoting *PDV Sweeny, Inc. v. ConocoPhillips Co.*, 2015 WL 9413880, at \*4 (S.D.N.Y. Dec. 21, 2015) (quoting *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 102 (2d Cir. 2004))). Mr. Blake notes that it cannot be disputed that this Court entered an order and judgment confirming the Award and, as a consequence, "it is simply beyond dispute that the Subject Debt – the judgment debt – is one resulting from an order and judgment entered in a federal judicial proceeding." Plf. Supp. Reply at 3-4.

In response to Mr. Fusco's argument that Section 523(a)(19)'s exception to discharge should be construed "strictly against" Mr. Blake as the creditor and "liberally in favor" of Mr. Fusco as the debtor, Mr. Blake acknowledges that a fresh start for debtors is an objective of the Bankruptcy Code – but notes that "discharge is still a 'privilege not a right.'" Plf. Supp. Reply at 5 (quoting *In re Appel*, 315 B.R. at 648). He replies that courts achieve this objective by construing exceptions to discharge under Section 523 "'narrowly and in favor of the debtor'" and by requiring the objecting creditor to bear "'the burden of proof by a preponderance of the

evidence.'"  Plf. Supp. Reply at 5 (quoting *Fleet Credit Card Servs., L.P. v. Macias* (*In re Macias*), 324 B.R. 181, 187 (Bankr. E.D.N.Y. 2004)).

Even under that strict construction of Section 523(a)(19), Mr. Blake replies that "the material facts in this case remain undisputed."  Plf. Supp. Reply at 5.  Specifically, he argues that the Award indisputably includes findings "that the Debtor was liable for violations of the Florida Securities Act, 'engaged in intentional misconduct' related to Plaintiff's brokerage accounts, and was otherwise responsible for, inter alia, 'fraud, manipulations, misrepresentations and non-disclosures, omission of facts, [and] unauthorized trading' in connection with the purchase and sale of securities in Plaintiff's brokerage accounts."  Plf. Supp. Reply at 4 (quoting Award at 2-5, ¶¶ 1-5).  And Mr. Blake notes that it is similarly indisputable that this Court entered an order and judgment confirming the Award issued by the arbitration panel.  Plf. Supp. Reply at 4.

Finally, Mr. Blake replies to Mr. Fusco's arguments that Mr. Fusco is an "honest, but unfortunate debtor" that could not have "directly harmed" Mr. Blake.  Plf. Supp. Reply at 5-6.  He asserts that whether Mr. Fusco is an "honest but unfortunate debtor" is immaterial.  He also states that Mr. Fusco's "discussion of 'willfulness' under Section 523(a)(6) is immaterial" because this "Motion does not seek denial of discharge under that provision[,]" and because Mr. Fusco has not responded to Mr. Blake's argument that he is collaterally estopped from relitigating the issues decided in the Arbitration.  Plf. Supp. Reply at 5.

Even if these considerations were material, Mr. Blake argues that Mr. Fusco's argument is "barred both by collateral estoppel and by the fact that . . . [Mr. Fusco] was still a respondent in an arbitration where other respondents were found to have violated state securities laws and his 'joint and several' liability arose out of such violations."  Plf. Supp. Reply at 6 (citing *In re Lunsford*, 848 F.3d at 968-69).  He notes that the debtor in *In re Sherman* "was only treated as an

'innocent' debtor for the purposes of Section 523(a)(19) because it was never even alleged that he was 'responsible for any securities-related wrongdoing.'"  Plf. Supp. Reply at 6 (quoting *In re Sherman*, 658 F.3d at 1016 n.9).

Mr. Blake argues that, by contrast, he alleged in the arbitration proceeding that Mr. Fusco was jointly responsible for violations of Florida securities law.  Plf. Supp. Reply at 6.  And he points out that the Award found Mr. Fusco to be jointly and severally liable to him "for compensatory damages due to, among other things, 'fraud, manipulations, misrepresentations and non-disclosures, omission of facts, [and] unauthorized trading' in connection with the purchase and sale of securities in Blake's brokerage accounts and 'violations of blue sky laws.'" Plf. Supp. Reply at 6-7 (quoting Award at 4, ¶ 1).  As a result, Mr. Blake argues, Mr. Fusco "is not an 'honest but unfortunate' or 'innocent' debtor as those terms were used in *In re Sherman* and he is not entitled to discharge of the Subject Debt."  Plf. Supp. Reply at 7.

### *The February 16, 2022 Hearing*

On February 16, 2022, this Court held a hearing (the "February 16 Hearing") and heard oral argument on Mr. Blake's Summary Judgment Motion on the question of nondischargeability, at which Mr. Blake and Mr. Fusco, each by counsel, appeared and were heard, and the record is now closed.  February 16 Hearing Transcript (the "February 16 Hearing Tr."), ECF No. 65.

At the February 16 Hearing, Mr. Blake argued that "based on the Court's order and judgment confirming the arbitration award," it is "beyond dispute that the elements of Section 523(a)(19) are satisfied . . ."  February 16 Hearing Tr. 4:16-18.

Addressing Section 523(a)(19)(A)(2), Mr. Blake argued that the debt arising from the Award was indisputably for the violation of Florida securities law.  He stated that it is "clear that

the debtor's liability and damages that were awarded by the FINRA arbitration panel and then confirmed by this Court were based on violations of the Florida Securities Act, also referred to in the panel's award as the Blue Sky Statute."  February 16 Hearing Tr. 5:1-4 (citing Award at 4, ¶¶ 1-3).

Turning to Section 523(a)(19)(A)(i), Mr. Blake noted that "the panel specifically found that the debtor was liable for, among other things, churning, fraud, manipulations, misrepresentations and non-disclosures, omissions of fact and unauthorized trading. . ." February 16 Hearing Tr. 5:6-10 (citing Award at 4, ¶ 1).  He stated:

> The panel also found by clear and convincing evidence that the debtor himself and certain others that are enumerated in the arbitration award . . . engaged in intentional misconduct and/or were grossly negligent in excessively trading and churning claimant's account, improperly recording trades,. . ., fraudulently misrepresenting or failing to disclose markups and exorbitant commissions among other things.

February 16 Hearing Tr. 5:12-20 (citing Award at 4, ¶ 5).  And he noted that "the panel also found that the debtor knowingly participated, condoned, ratified and consented to the conduct of its employees, brokers and agents."  February 16 Hearing Tr. 5:23-25 (citing Award at 4, ¶ 5).

Mr. Blake also argued that the fact that portions of the Award were based on Mr. Fusco's joint and several liability with other respondents, as opposed to solely his individual liability, was of no consequence.  He noted that, in at least one circumstance, the panel found, by clear and convincing evidence, that Mr. Fusco was among those who committed the violations at issue.  February 16 Hearing Tr. 6:10-16 (citing Award at 4, ¶ 5).  And Mr. Blake argued that, under *In re Lunsford*, Section 523(a)(19) blocks discharge even without a finding of debtor misconduct "as long as the award is based on a violation of securities law by another party." February 16 Hearing Tr. 6:17-23.

And Mr. Blake argued that as to the requirements of Section 523(a)(19)(B), "there's now no question that the debt . . . results from a judgment or an order entered in a federal judicial proceeding," as a result of this Court's Confirmation Order.  February 16 Hearing Tr. 7:4-7.  For all of these reasons, Mr. Blake urged, there is no genuine dispute of material fact as to whether the elements of Section 523(a)(19) have been met.

Mr. Fusco responded to Mr. Blake's argument that this Court's Confirmation Order meets the requirements of Section 523(a)(19)(B) in several ways.  He pointed out that the amount of the debt was determined by the arbitration panel in the Award, not by this Court in the Confirmation Order.  February 16 Hearing Tr. 12:3-6.  He also argued that the arbitration panel that determined the Award was "simply not an administrative proceeding" for purposes of Section 523(a)(19)(B).  February 16 Hearing Tr. 11:24-25.  He argued that the drafters of the statute did not include debts resulting from arbitration proceedings in Section 523(a)(19)(B) "because the statute was created to get corporate fraudsters like Enron within the rubric of this kind of thing."  February 16 Hearing Tr. 14:1-4.

More generally, Mr. Fusco pressed his argument that he was "an unfortunate debtor." February 16 Hearing Tr. 14:24.  He asserted that Mr. Fusco "happened to be the principal of a brokerage firm who was brought in on a vicarious claim."  February 16 Hearing Tr. 14:25-15:2. And he argued that "there was no allegation in the arbitration regardless of how the award is written that [Mr. Fusco] personally had any interaction at all with the customer" and that "[h]e did not intend to harm the customer."  February 16 Hearing Tr. 15:2-6.  He urged that Mr. Fusco's conduct was not "willful," citing decisions interpreting that term in the context of Section 523(a)(6).  February 16 Hearing Tr. 18:2-17.  And he argued that the Court should

"accept the jurisprudence under [Section 523(a)(6)] as applicable here."  February 16 Hearing
Tr. 19:4-7.

Finally, Mr. Fusco clarified that he does not contend that there is a genuine dispute of
material fact as to the existence of the Award.  February 16 Hearing Tr. 23:13-24.  Specifically,
he stated that he did not dispute that "[t]he award exists[,]" but instead disputes certain findings
in the Award and the asserted contradictions between the evidentiary record of the arbitration
proceeding and the Award itself.  February 16 Hearing Tr. 28:8-23.  At the same time, Mr. Fusco
acknowledged that it may be "too little, too late" to dispute those facts here.  February 16
Hearing Tr. 28:21-23.

On rebuttal, Mr. Blake stated that the question of whether Mr. Fusco behaved willfully,
as that term is addressed in cases applying Section 523(a)(6), is simply not relevant to the
matters before the Court here.  He argued that "the language of Section 523(a)(6) is just
completely different than the language of Section 523(a)(19)" and that Section 523(a)(19), unlike
Section 523(a)(6), does not include a reference to a "willful and malicious injury by the debtor."
February 16 Hearing Tr. 30:2-8.

And as to the question of whether this Court's Confirmation Order satisfied the
requirements of Section 523(a)(19)(B), Mr. Blake pointed to *In re Gibbons*, "where the District
Court affirmed the Bankruptcy Court determination as to the applicability of Section 523(a)(19)
where there was an arbitration award that has been confirmed in federal court."  February 16
Hearing Tr. 31:1-5.  To the same effect, he cited *In re Hill*, where the court "held that the
bankruptcy court has jurisdiction and authority to enter the . . . resulting judgment for securities
law violations in a wide array of adversary proceedings to except debts from discharge."
February 16 Hearing Tr. 32:9-18.

## **The Applicable Legal Standards**

*Summary Judgment Under Rule 56*

Federal Rule of Civil Procedure 56, made applicable here by Bankruptcy Rule 7056, provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The moving party has the burden of demonstrating the absence of a genuine dispute as to any material fact, and all of the inferences to be drawn from the underlying facts must be viewed by the court in the light most favorable to the party opposing the motion. *See Anderson*, 477 U.S. at 249, 255; *Hayut v. State Univ. of N.Y.*, 352 F.3d 733, 743 (2d Cir. 2003) (observing that the court's role is "to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inference in favor of that party, and to eschew credibility assessments"). Where a plaintiff seeks summary judgment, it must demonstrate that there is no genuine dispute as to material fact as to each element of its claim. If it does not, then summary judgment will be denied. *See Smith v. Goord*, 2008 WL 902184, at *4 (N.D.N.Y. Mar. 31, 2008), *aff'd in part and remanded in part*, 375 F. App'x 73 (2d Cir. 2010) (citing *Anderson*, 477 U.S. at 250 n.4 (holding that summary judgment should be denied where the moving party does not meet its initial burden to show the absence of a genuine dispute as to a material fact with respect to each essential element of the claim)).

Once the moving party satisfies its initial burden, "the burden then shifts to the nonmoving party to come forward with evidence sufficient to create a genuine dispute as to a

material fact for trial." *Silverman v. United Talmudical Acad. Torah Vyirah, Inc.* (*In re Allou Distribs., Inc.*), 446 B.R. 32, 49 (Bankr. E.D.N.Y. 2011). As the Supreme Court has observed, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-moving party must present "significant probative evidence" that a genuine dispute as to a material fact exists. *Anderson*, 477 U.S. at 255. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial'" and summary judgment is appropriate. *Matsushita*, 475 U.S. at 587 (quoting *First Nat'l Bank of Ariz. v. Cities Service Co.*, 391 U.S. 253, 289 (1968)). *See Anderson*, 477 U.S. at 249-50 (observing that "if the evidence is merely colorable . . . or is not significantly probative . . . summary judgment may be granted").

As this Court has noted, statements in the pleadings, standing alone, do not meet this burden. *Allou Distribs.*, 446 B.R. at 49. Rather, "[e]stablishing such facts requires going beyond the allegations of the pleadings as the moment has arrived to 'put up or shut up.'" *In re Eugenia VI Venture Holdings, Ltd. Litig.*, 649 F. Supp. 2d 105, 117 (S.D.N.Y. 2008) (quoting *Weinstock v. Columbia Univ.*, 224 F.3d 33, 41 (2d Cir. 2000), *cert. denied*, 540 U.S. 811 (2003)). This means that "[u]nsupported allegations in the pleadings . . . cannot create a material issue of fact." *In re Eugenia VI Venture Holdings*, 649 F. Supp. 2d at 117 (citation omitted).

As the Supreme Court has observed, "Rule 56(e) . . . requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' [and] designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). A party "must 'set forth' by affidavit or other evidence 'specific facts' to survive a motion for summary judgment . .

. and must ultimately support any contested facts with evidence adduced at trial." *Bennett v. Spear*, 520 U.S. 154, 168 (1997) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).  As one district court observed, "[t]he non-moving party may not establish that there is a genuine issue to be resolved at trial through mere allegations or denials of the adverse party's pleadings, but rather must demonstrate by affidavit or other admissible evidence that there are genuine issues of material fact or law."  *Beare v. Millington*, 2014 WL 1236750, at *3 (E.D.N.Y. Mar. 25, 2014), *aff'd*, 613 F. App'x 56 (2d Cir. 2015) (internal citations omitted).

### *Exception to Discharge under Section 523(a)(19)*

Congress added Section 523(a)(19) to the Bankruptcy Code to prevent "wrongdoers" from discharging "their obligations under court judgments or settlements based on securities fraud and other securities violations" and to close the "loophole. . .to help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer."  *Smith v. Gibbons* (*In re Gibbons*), 289 B.R. 588, 592 (Bankr. S.D.N.Y. 2003), *aff'd,* 311 B.R. 402 (S.D.N.Y. 2004), *aff'd*, 155 F. App'x 534 (2d Cir. 2005) (quoting S. Rep. No. 107-146 (2002)).

Section 523(a)(19) makes a debt nondischargeable if two conditions are met.  First, the debt must be for "the violation of any of the Federal securities laws. . ., any of the State securities laws, or any regulation or order issued under such Federal or State securities laws," that is, a securities law violation, or it must be for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security," that is, common law securities fraud.  11 U.S.C. § 523(a)(19)(A).  Second, the debt must result from a "judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding," a "settlement agreement entered into by the debtor," or a "court or administrative order for any damages, fine,

penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor" – that is, the debt results from a judgment, agreement or award.  11 U.S.C. § 523(a)(19)(B).

Courts agree that these requirements are distinct, and that both must be satisfied in order for a debt to be nondischargeable.  As one court observed, "Section 523(a)(19) explicitly requires both subsections (A) and (B) to be met."  *In re Sklar*, 626 B.R. at 768.  That is, and as a threshold matter, to prevail on a Section 523(a)(19) claim, a plaintiff must establish *both* that the debt is for a securities law violation or common law securities fraud, *and* that the debt results from an appropriately memorialized judgment, agreement, or award.

As to the first element, a plaintiff must demonstrate that the debt falls within one of the two categories of debts described under Section 523(a)(19)(A) – namely, that the debt is either for a securities law violation as set forth under subsection (A)(i), or for common law securities fraud as set forth under subsection (A)(ii).  11 U.S.C. § 523(a)(19)(A)(i), (ii).  With respect to debts arising from securities law violations, this element is satisfied if the underlying judgment, agreement, or award that created the debt contains a specific finding that a securities law violation occurred.  For example, in *In re Clements*, the court found that a debt was nondischargeable under Section 523(a)(19) when it resulted from a state court's entry of judgment on the pleadings on a claim for sale of unregistered securities under Wisconsin state securities law.  *Bryant v. Clements* (*In re Clements*), 570 B.R. 803, 808 (Bankr. W.D. Wisc. 2017).

Even absent an explicit finding of securities law violation, this element is satisfied if the securities law violation is necessary to the judgment, agreement, or award or in the complaint that triggered the underlying proceeding.  As one court concluded, a debt based on an arbitral

proceeding "arose, at least in part, in connection with" violation of state securities laws where the FINRA claimant asserted that the debtor violated state securities law, and the FINRA arbitration panel awarded damages but did not state that the damages were based on state securities law violations. *Jenkins v. Jones* (*In re Jones*), 600 B.R. 561, 569 (Bankr. W.D. Tex. 2019).

And similarly, with respect to debts arising from common law securities fraud, courts look to the express findings of the award, as well as the claims asserted by the complainant in the underlying proceeding, to determine if the debt is for common law securities fraud.  As one bankruptcy court in this Circuit concluded, a debt was nondischargeable under Section 523(a)(19) where it resulted from an arbitration award that specifically stated that the debtor committed fraud in connection with securities trading.  *In re Gibbons*, 289 B.R. at 597.

Other courts are in accord.  *See, e.g., Ahuja v. Fleming* (*In re Fleming*), 637 B.R. 390, 394 (Bankr. D. Conn. 2021) (finding that a debt was for "common law fraud, deceit, or manipulation in connection with the purchase or sale of any security" as set forth in Section 523(a)(19) when the FINRA claimant's Statement of Claim alleged that the debtor misrepresented material information and failed to disclose material information).

As the parties note, courts have followed somewhat different paths on the question of "whether nondischargeability under § 523(a)(19) requires the debtor herself to have committed a violation of a federal or state securities law, or herself to have committed 'common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.'"  *Nationwide Judgment Recovery Inc. v. Geredine* (*In re Geredine*), 632 B.R. 502, 505 (Bankr. E.D. Mich. 2011) (quoting 11 U.S.C. § 523(a)(19)(A)(ii)).  Neither the Supreme Court not the Second Circuit has directly addressed this issue.  The Eleventh Circuit has held that a debt arising from

the securities law violations or securities fraud is nondischargeable even if the debt arises from the conduct of someone else, so long as the securities violation or securities fraud "caused the debt." *In re Lunsford*, 848 F.3d at 968 (excepting from discharge an obligation imposed on debtor in a purely representative capacity, as a person responsible for state securities law violations by his firm).

At the same time, the Ninth and Tenth Circuits have held that a determination of nondischargeability under Section 523(a)(19) requires the debtor personally to have committed the securities law violation or fraud. For example, in *In re Sherman*, the Ninth Circuit held that an attorney's obligation to disgorge funds received from clients did not come within the scope of the dischargeability exception for debts resulting from violation of federal securities laws, even though clients had received the funds in violation of federal securities laws, where the attorney was not found to have committed any securities violations on his own. *In re Sherman*, 658 F.3d at 1012-17. And in *Wilcox*, the Tenth Circuit found that state court judgments against the debtors directing them to repay profits from their investment in a Ponzi scheme were not "for the violation of securities laws" because the Ponzi scheme operator, not the debtors, violated state securities law. *Wilcox*, 691 F.3d at 1174-77.

As to the second element, in order to provide a basis for nondischargeability under Section 523(a)(19)(B), the debt at issue must, in substance, result from an order or judgment entered by a state or federal court, an award entered by an administrative body or court, or a settlement agreement entered into by the debtor. The judgment, agreement, or award that serves as the basis of the debt may be entered "before, on, or after the date which the petition was filed." 11 U.S.C. § 523(a)(19)(B). *See Prime Equity Fund, LP. v. Lichtman* (*In re Lichtman*), 388 B.R. 396, 408 n.22 (Bankr. M.D. Fla. 2008) (explaining that the 2005 amendments to the

Bankruptcy Code eliminated any requirement that the judgment, agreement, or award be entered prior to the filing of the debtor's bankruptcy case).

Considerations of issue preclusion may have a particularly significant role in Section 523(a)(19) inquiries.  This is because a court's inquiry under Section 523(a)(19) is limited to determining if the two requirements of Section 523(a)(19) have been met.  "[O]nce a determination of a securities violation or related fraud has been made, and proof of the entry of that order . . . of such charges is tendered to the bankruptcy court, the debt is rendered nondischargeable under § 523(a)(19) without proof of an additional element."  *Wright v. Minardi* (*In re Minardi*), 536 B.R. 171, 192 (Bankr. E.D. Tex. 2015).  Accordingly, Section 523(a)(19) "preempts and effectively extends the common law principles of issue preclusion, by giving preclusive effect to memorialized judicial decisions or settlements."  *Id*.  *See Voss v. Pujdak* (*In re Pujdak*), 462 B.R. 560, 576 (Bankr. D.S.C. 2011) (reasoning that Congress intended underlying order, judgment, or settlement agreement to have preclusive effect in nondischargeability actions pursuant to Section 523(a)(19)).

And as to the burden of proof, a plaintiff bears the burden of proof on each element of a Section 523(a)(19) nondischargeability claim.  In particular, a plaintiff moving for summary judgment on a Section 523(a)(19) claim must show that there is no genuine dispute of material fact as to each necessary element, so that they are entitled to judgment as a matter of law on each element of the Section 523(a)(19) claim.  *Berry v. Pentecost* (*In re Pentecost*), 631 B.R. 481, 488 (Bankr. N.D. Okla. 2021).  Finally, as the Supreme Court has stated, "we hold that the standard of proof for the dischargeability exceptions in 11 U.S.C. Section 523(a) is the ordinary preponderance-of-the-evidence standard."  *Grogan*, 498 U.S. at 291.

## Discussion

On this motion for summary judgment, Mr. Blake seeks a determination that Mr. Fusco's debt to him is nondischargeable under Bankruptcy Code Section 523(a)(19) because it arises from either a violation of securities law or common law securities fraud, and is reflected in an appropriately memorialized judgment, agreement, or award. And as the movant, Mr. Blake bears the burden to show that there is no genuine dispute of material fact as to these elements of his claim, so that he is entitled to judgment – at this time – as a matter of law. *See Anderson*, 477 U.S. at 249, 255.

The Court first addresses the role of issue preclusion in this action, and more generally, in a Section 523(a)(19) claim. And next, the Court considers each of these two elements in turn.

*Issue Preclusion in Section 523(a)(19) Causes of Action*

In his opposition to this motion for summary judgment, Mr. Fusco argues that his debt to Mr. Blake is invalid because the Award sets forth an "irrational" determination of his liability that is not properly founded in the evidentiary record of the arbitration proceeding. Opp. at 32; Def. Supp. Opp. at 8-9; February 16 Hearing Tr. 28:8-23. At the same time, he acknowledges that it may be "too little, too late" to contest the findings of the Award, since the Award has been confirmed by this Court. February 16 Hearing Tr. 28:21-23. Mr. Blake argues that it is indeed "too little, too late" to dispute the Award or its findings, and asserts that Mr. Fusco is collaterally estopped from effectively relitigating the arbitration proceedings here. Plf. Supp. Mem. at 6-8.

At the outset, this motion for summary judgment does not call for, or even permit, the Court to revisit the findings and conclusions of the arbitration panel as set forth in the Award. As this Court explained in confirming that Award, "the role of the court in reviewing an arbitration award is, and should be, quite narrow and precise" and "court review of an arbitration award is not an opportunity for a rehearing on the merits of the parties' claims and defenses."

*Blake v. Fusco* (*In re Fusco*), 632 B.R. 92, 113 (Bankr. E.D.N.Y. 2021).  In response to Mr.

Fusco's arguments that the Award was "irrational," the Court concluded:

> [E]ven if the asserted shortcomings and defects in process and outcome were
> somehow sufficient to raise a question as to whether the Award was the product
> of corruption, fraud, or undue means, Mr. Fusco has not shown, or even suggested
> how he was denied an opportunity to present his defense, or unable to discover
> these matters with the exercise of due diligence before the Award was issued . . .
> Failing to persuade the tribunal and losing your case is simply not the same as
> being the victim of corruption, fraud, or undue means.

*In re Fusco*, 632 B.R. at 115.

Instead, Section 523(a)(19) sets forth an expedited process that accords preclusive effect

to appropriately memorialized judgments that establish liability for securities law violations and

securities fraud, without resort to the doctrines of res judicata and collateral estoppel.  On a

Section 523 exception to discharge action, "'the bankruptcy court does not litigate the underlying

claim, but only whether such claim has already been established.'"  *In re Pujdak,* 462 B.R. at 575

(quoting *Faris v. Jafari* (*In re Jafari*), 401 B.R. 494, 499 (Bankr. D. Colo. 2009))**.**  Here, then,

this Court's "only function" is to determine whether the Award "has satisfied the requirements

set forth" in Section 523(a)(19).  *In re Pujdak*, 462 B.R. at 576.  Specifically, the only two

considerations are whether "a determination of a securities violation or related fraud has been

made" and whether "proof of entry of that order" has been tendered.  *In re Minardi*, 536 B.R. at

192.

In this way, Section 523(a)(19) "incorporates [an] . . . expedited process [that] effectively

supersedes any necessity to resort to the common law principles of issue preclusion."  *Kokas v.

Osborne* (*In re Osborne*)*,* 2017 WL 1232407, at *5 (Bankr. E.D. Tex. Apr. 3, 2017) (citing

*Frankfurt v. Friedman* (*In re Friedman*)*,* 531 B.R. 741, 746-47 (Bankr. N.D. Ill. 2015)).  This

expedited process is consistent with the legislative history of Section 523(a)(19), which was

drafted, in part, to respond to concerns about defrauded investors and state regulators being "forced to 'reprove' their fraud cases in bankruptcy court." *In re Gibbons*, 289 B.R. at 593.  As one court observed, "[t]his nondischargeability section was added to the Bankruptcy Code in the wake of the Enron 'debacle' by the Sarbanes-Oxley Act of 2002 in order 'to make judgments and settlements based upon securities law violations nondischargeable, protecting victims' ability to recover their losses.'" *In re Minardi*, 536 B.R. at 191 (quoting *In re Chan*, 355 B.R. 494, 503 (Bankr. E.D. Pa. 2006)).

The structure of Section 523(a)(19) and its particular relationship with preclusion means that courts may effectively recognize and give effect to judgments that were not actually litigated in the underlying proceeding.  As the court found in *In re Minardi*, the satisfaction of Section 523(a)(19)'s two requirements precludes the debtor from offering a defense to claims of securities fraud, notwithstanding the fact that the issues were not actually litigated in the previous forum.  *In re Minardi*, 536 B.R. at 192.  *See In re Pujdak*, 462 B.R. at 576 (giving preclusive effect under Section 523(a)(19) to a default judgment after the state court struck the defendants' answer due to discovery abuse).

Here, Mr. Blake is not required to prove, or prove again, his securities fraud claims against Mr. Fusco.  Instead, he bears the burden to show, by a preponderance of the evidence, neither more nor less than that the debt arising from the arbitration panel's Award comes within Section 523(a)(19)'s exception to discharge.  These are, first, "a determination of a securities violation or related fraud has been made" and second, "proof of entry of that order." *In re Minardi*, 536 B.R. at 192.  In response, Mr. Fusco may dispute whether the elements of that claim have been demonstrated.  In the context of this Summary Judgment Motion, Mr. Fusco

needs only to show that there *is* a genuine dispute as to a material fact with respect to one of those elements.

But Mr. Fusco may not dispute the factual determinations and reasoning set forth in the Award, or re-try the arbitration in this action.  Again, as this Court explained in confirming the Award, "a party's disagreement with the arbitrator's 'assessment of the evidence and [his] conclusions is not sufficient to vacate an arbitration award.'"  *In re Fusco*, 632 B.R. at 122 (quoting *Polin v. Kellwood Co.*, 103 F. Supp. 2d 238, 262 (S.D.N.Y. 2000), *aff'd*, 34 Fed. App'x 406 (2d Cir. 2002)).  There, in response to Mr. Fusco's arguments that the Award was not supported by the evidentiary record, this Court found:

> [T]he record shows that Mr. Fusco has not 'clear[ed] a high hurdle' to establish that he was denied a fundamentally fair arbitration as a consequence of the Arbitration panel's asserted failure to receive evidence . . . In addition, the record shows that Mr. Fusco participated in all aspects of the arbitration proceeding, including filing an answer and a hearing brief and testifying at the arbitration hearings . . . That is, these arguments were part of the record before the Arbitration panel, and Mr. Fusco was not deprived of the opportunity to assert these positions in the proceeding.

*In re Fusco*, 632 B.R. at 118 (quoting *Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp.*, 559 U.S. 662, 671 (2010)).  And Mr. Blake need not "reprove" the fraud case – which Mr. Fusco had ample opportunity to rebut in the underlying proceeding – in this Court.  *In re Gibbons*, 289 B.R. at 593.

So here, the Court must consider whether the two elements of Section 523(a)(19) are met.  The Court now turns to that inquiry.

### *Whether Mr. Blake Has Shown that There Is No Genuine Dispute of Material Fact that the Debt Arises From Either a Securities Law Violation or Common Law Securities Fraud*

The first element that Mr. Blake must establish in order to prove his Section 523(a)(19) claim is that the debt comes within one of the two categories of nondischargeable debt identified

in Bankruptcy Code Sections 523(a)(19)(A)(i) and (ii).  Specifically, as to the first category set

forth in Section 523(a)(19)(A)(i), Mr. Blake must show that there is no genuine dispute of

material fact that the debt "is for . . . the violation of any of the Federal securities laws, . . . any of

the State securities laws, or any regulation or order issued under such Federal or State securities

laws."  Alternatively, as to the second category set forth in Section 523(a)(19)(A)(ii), he must

show that there is no genuine dispute of material fact that the debt "is for . . . common law fraud,

deceit, or manipulation in connection with the purchase or sale of any security."

As to the first category, Mr. Blake states that the debt owed to Mr. Blake is "indisputably

'for . . .  the violation of . . . any of the State securities laws.'"  Plf. Supp. Mem. at 6 (quoting 11

U.S.C. § 523(a)(19)(A)(i).  He also asserts that the Award includes the determination that Mr.

Fusco is jointly and severally liable to him as a result of, among other things, "violations of blue

sky laws."  Plf. Supp. Mem. at 5 (citing Award at 4, ¶ 1).  And Mr. Blake argues that "[t]he

phrase 'blue sky laws' refers to the securities laws of the states . . . and, as used in this Award in

this case, refers specifically to the Florida Securities Act and Investor Protection Act."  Plf.

Supp. Mem. at 5-6 (citing U.S. Securities and Exchange Commission, Glossary, *Blue Sky Laws*).

And he argues that "the arbitration panel made clear that the Debtor's liability, as well as the

measure of damages awarded, was based on violations of the Florida Securities Act."  Plf. Supp.

Mem. at 6 (citing Award at 4, ¶¶ 1-3).

As to the second category, Mr. Blake likewise states that the debt is "indisputably 'for . . .

fraud, deceit, or manipulation in connection with the purchase or sale of any security.'"  Plf.

Supp. Mem. at 4 (quoting 11 U.S.C § 523(a)(19)(A)(ii)).  He notes that the Award includes a

determination that Mr. Fusco is jointly and severally liable to him for "'fraud, manipulations,

misrepresentations and non-disclosures, omission of facts [and] unauthorized trading'" in

connection with the purchase and sale of securities in Mr. Blake's brokerage accounts.  Plf. Supp. Mem. at 3 (quoting Award at 4, ¶ 1).  And he points to the arbitration panel's finding that Mr. Fusco, along with certain co-respondents:

> "engaged in intentional misconduct . . . in excessively trading and churning Claimant's account; improperly recording trades as unsolicited as opposed to solicited on account statements; fraudulently misrepresenting or failing to disclose mark-ups and exorbitant commissions; failing to disclose that Respondents Misseri and Decker (who solicited and/or recommended many of the transactions which caused Claimant's losses) were not registered brokers in Florida; and failing to follow Claimant's instructions including instructions to close his account."

Plf. Supp. Mem. at 4 (quoting Award at 4-5, ¶ 5).  And he asserts that the Panel found that Mr. Fusco "'knowingly participated, condoned, ratified, and consented to' the other respondents' 'fraudulently misrepresenting' and/or 'failing to disclose markups and exorbitant commissions.'" *Id*.

In response, Mr. Fusco does not dispute that the Award includes the findings cited by Mr. Blake.  February 16 Hearing Tr. 28:8-23.  Instead, Mr. Fusco disputes whether the language of the Award alone is sufficient to satisfy all of the necessary elements for a finding of nondischargeability under Section 523(a)(19).  In particular, he asserts that the Award lacks the "necessary element that Mr. Fusco set out to cause the losses."  Def. Supp. Opp. at 7.  In support of this argument, Mr. Fusco cites to decisions in the Ninth and Tenth Circuits that declined to apply Section 523(a)(19)'s discharge exception to "innocent" and "honest but unfortunate" debtors.  Opp. at 33-34.  And he argues that he is an "honest but unfortunate debtor," and that this entitles him to discharge the debt that he owes Mr. Blake.  Opp. at 33-34 (citing *In re Sherman*, 658 F.3d at 1012 (holding that the debtor must be responsible for the securities violation for Section 523(a)(19) to apply)).

Mr. Blake replies that "whether Mr. Fusco is an honest but unfortunate debtor is irrelevant," and points to *In re Lunsford*'s observations that Section 523(a)(19) applies "'irrespective of debtor conduct'" and that "Congress rendered discharge in some subsections dependent on debtor conduct but never did so for section 523(a)(19)(A)."  Mot. Summ. J. ¶ 39 (quoting *In re Lunsford*, 848 F.3d at 967-68).  And he argues that even if Section 523(a)(19)(A) requires a finding that the debt resulted from the debtor's own personal misconduct, this requirement is satisfied because the Award states that Mr. Fusco's liability stems from his own misconduct.  Plf. Supp. Reply at 6.

At the outset, the Court considers whether it is appropriate to consider the question of whether Mr. Blake has satisfied the necessary elements of at least one of the two categories of non-dischargeable debt set forth in Section 523(a)(19)(A) under the approach followed in *In re Lunsford* – followed in the Eleventh Circuit and cited by Mr. Blake – or the standard set forth in *In re Sherman* and *Wilcox* – followed in the Ninth and Tenth Circuits and cited by Mr. Fusco. And as part of that inquiry, the Court also considers whether as applied here, these two pathways would lead to a different result.

Following the path described in *In re Lunsford*, Mr. Blake would need only to show only that a securities law violation or securities fraud "caused the debt."  *In re Lunsford*, 848 F.3d at 968.  Alternatively, following *In re Sherman* approach, Mr. Blake would be required additionally to show that Mr. Fusco is not an "innocent" or "honest but unfortunate" debtor, and that the debt and the securities law violation or securities fraud leading to Mr. Blake's liability arose from his personal misconduct.  *See, e.g.*, *Wilcox*, 691 F.3d at 1175-76 (10th Cir. 2012) (following *In re Sherman* to conclude that applying Section 523(a)(19) to individuals who did not personally violate securities law or commit securities fraud would be an "extreme result" inconsistent with

the statute's purpose); *Uren v. Schuholz* (*In re Schuholz*), 2019 WL 11639553, at *7 (Bankr. S.D. Ohio Oct. 18, 2019) (adopting the *In re Sherman* approach and stating that "[Section] 523(a)(19)(A)'s scope is properly limited to debts for violations arising from the debtor's own misconduct rather than that of a third party.").

As noted above, the Second Circuit has not formally adopted either approach in a reported decision. At the same time, in at least one summary order, the Second Circuit affirmed a bankruptcy court's reasoning that the legislative history "demonstrates an intention to apply [Section] 523(a)(19) as broadly as possible." *Smith v. Gibbons* (*In re Gibbons*), 289 B.R. 588, 593 (Bankr. S.D.N.Y. 2003), *aff'd,* 311 B.R. 402 (S.D.N.Y. 2004), *aff'd*, 155 F. App'x 534 (2d Cir. 2005). As the bankruptcy court explained, Congress intended Section 523(a)(19) to "'help defrauded investors recoup their losses and to hold accountable those who violate securities laws after a government unit or private suit results in a judgment or settlement against the wrongdoer'" and close the "'loophole'" of wrongdoers discharging debt arising from their securities law violations. *In re Gibbons*, 289 B.R. at 592-93 (quoting S. Rep. No. 107-146 (2002)).

The Court first considers whether, as required to satisfy the first element of his Section 523(a)(19) claim, Mr. Blake has shown that the debt, as memorialized in the Award, comes within one or the two categories of nondischargeable debt described in Section 523(a)(19)(A). Under *In re Lunsford*, this will be sufficient to satisfy this element – but under *In re Sherman*, more may be required.

The first category of nondischargeable debt under Section 523(a)(19)(A) encompasses debt that is "for . . . the violation of any of the Federal securities laws, . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws."

And here, the record shows that the Award plainly states that the debt that Mr. Fusco owes Mr. Blake is "for . . . the . . . violation of . . . State securities laws," in at least two ways.  11 U.S.C. § 523(a)(19)(A)(i).

First, the Award states that Mr. Fusco is jointly and severally liable to Mr. Blake for, among other things, "violation of blue sky laws."  Award at 4, ¶ 1.  As one authoritative source states, a "blue sky law" is "a state statute establishing standards for offering and selling securities."  *Blue Sky Law*, Black's Law Dictionary (11th ed. 2019).  *See* U.S. Securities and Exchange Commission, Glossary, Blue Sky Laws, available at https://www.investor.gov/introduction-investing/investing-basics/glossary/blue-sky-laws.  In particular, the specific state statute referenced in Mr. Blake's Statement of Claim initiating the arbitration is the Florida Securities Act and Investor Protection Act.  Award at 2.  *See* Plf. Supp. Mem. at 5.  And the Award states that Mr. Fusco is "jointly and severally liable for and shall pay to [Mr. Blake] the sum of $83,890.51 in attorneys' fees, pursuant to Chapter 517 of the Florida Securities and Investor Protection Act," making clear that both the determination of liability and the measure of damages relates to the violation of state securities laws.  Award at 4, ¶ 3.

And second, to the same effect, the express language of the Award makes clear that violations of state securities laws – specifically, Florida's "blue sky law," the Florida Securities Act and Investor Protection Act – "caused the debt" which is sufficient to bring the debt within the first category of nondischargeable debt as set forth in Section 523(a)(19)(A)(i).  *In re Lunsford*, 848 F.3d at 967-68 (reasoning that the exception to discharge under Section 523(a)(19) applies so long as the securities law violation the securities violation "caused the debt").

Here, the debt owed to Mr. Blake is comprised of compensatory damages, statutory interest, attorneys' fees, punitive damages, and other related fees and costs imposed by the

arbitration panel.  The Award states that the measure of compensatory damages – and, by extension, the measure of statutory interest on the compensatory damages – is based on, among other things, Mr. Fusco's joint and several liability for the "violation of blue sky laws."  Award at 4, ¶¶ 1-2.  Similarly, the Award's measure of attorneys' fees is "pursuant to Chapter 517 of the Florida Securities and Investor Protection Act."  Award at 4, ¶ 3.  That is, the Award plainly traces the debt imposed upon Mr. Fusco to his violations of state securities law.

The second category of nondischargeable debt under Section 523(a)(19)(A) encompasses debt that arises from "common law fraud, deceit, or manipulation in connection with the sale or purchase of [a] security."  11 U.S.C. § 523(a)(19)(A)(ii).  Here again, the record shows that the plain terms of the Award include findings that Mr. Fusco is jointly and severally liable for, among other things: "churning, fraud, manipulations, misrepresentations and non-disclosures, omission of facts. . ."  Award at 4, ¶ 1.

Specifically, the Award makes findings that are clear and express statements that Mr. Fusco is jointly and severally liable for "fraud" and "manipulations."  Award at 4, ¶ 1.  The Award states that these determinations "relate to unauthorized transactions of securities in [Mr. Blake's] accounts."  Award at 2.  And these findings are sufficient to bring the debt within the meaning of Section 523(a)(19)(A)(ii).  *In re Gibbons*, 289 B.R. at 611 (holding that "an arbitral award. . .which specifically states that the Debtor committed fraud in connection with trading in her securities account" renders Section 523(a)(19) applicable).

The Award also makes findings that Mr. Fusco is liable for "churning, . . . manipulations, misrepresentations and non-disclosures."  Award at 4, ¶ 1.  Elsewhere, the Award includes a determination that Mr. Fusco "engaged in intentional misconduct and/or [was] grossly negligent in excessively trading and churning [Mr. Blake's] account . . . [and] . . .fraudulently

misrepresenting or failing to disclosure mark-ups and exorbitant commissions."  Award at 4, ¶ 5.
Again, these determinations were made in relation "to unauthorized transactions of securities in
Mr. Blake's accounts."  Award at 2.

Courts within and outside the Second Circuit agree that these matters come within the
definition of "common law fraud, deceit, or manipulation" as set forth in Section
523(a)(19)(A)(ii).  *See In re Fleming*, 637 B.R. at 394 (finding that an arbitration award that
found that the debtor "made material misrepresentations and omissions regarding the securities
he purchased" rose "to the level of common law fraud, deceit, or manipulation . . . as set forth in
Section 523(a)(19)")); *Miley v. Oppenheimer & Co.*, 637 F.2d 318, 324 (5th Cir. 1981) (stating
that "the act of churning itself is a deception or fraud").

Here again, the language of the Award makes clear that fraud and manipulations in
connection with trading in Mr. Blake's account "caused the debt."  The measure of punitive
damages is based on the finding of Mr. Fusco's liability for churning, fraudulent
misrepresentation, and non-disclosures, among other conduct.  Award at 4, ¶ 5.  And this is
sufficient to bring the debt within the second category of nondischargeable debt set forth in
Section 523(a)(19)(A)(ii).

Following the path charted by the Eleventh Circuit in *In re Lunsford* and followed in the
Second Circuit in *In re Gibbons*, the requirements of Section 523(a)(19)(A) have been met – that
is, Mr. Blake has shown that there is no genuine dispute of material fact as to each of the two
alternative ways to satisfy the first element of his nondischargeability claim.  He has shown that
Mr. Fusco's debt is "for . . . the . . . violation of . . . State securities laws," and separately, that
debt that arises from "common law fraud, deceit, or manipulation in connection with the sale or
purchase of [a] security."  11 U.S.C. §§ 523(a)(19)(A)(i), (ii).

But Mr. Fusco has urged, at least two Circuits, the Ninth Circuit in *In re Sherman* and the Tenth Circuit in *Wilcox*, may require a plaintiff in a Section 523(a)(19) action to establish one more piece of the picture in order to prevail – that the debtor be "personally found to be in violation of securities laws." *Wilcox*, 691 F.3d at 1177.  That is, following this reasoning, Mr. Blake would be required to show that Mr. Fusco's debt to him as set forth in the Award arose not only from a state securities law violation, or securities fraud or manipulation, but also that Mr. Fusco was in some way "personally found to be in violation of securities laws" or individually responsible for the securities-related misconduct.  *Id.*  *See In re Sherman*, 653 F.3d at 1019.

Here, the record shows that the Award found Mr. Fusco jointly and severally liable for "breach of fiduciary duty, churning, fraud, manipulations, misrepresentations and non-disclosures, omission of facts, unauthorized trading, violation of blue sky laws, failure to supervise, negligence, and mark-ups."  Award at 4-5, ¶ 5.  And Mr. Fusco argues that this joint and several liability is based entirely on his supervisory role at Legend, and not on any specific activity in connection with Mr. Blake's accounts or securities transactions.  Def. Supp. Opp. at 9; Opp. at 31.

But the Award is both more broad and more specific in its findings with respect to Mr. Fusco's conduct.  In the Award, the arbitration panel determined that Mr. Fusco "knowingly participated, condoned, ratified and consented to the conduct of [Legend's] employees, brokers and agents."  Award at 4-5, ¶ 5.  And the panel found that Mr. Fusco "engaged in intentional misconduct and/or [was] grossly negligent" in churning Mr. Blake's account, misrepresenting trades in account statements, and misrepresenting or failing to disclose mark-ups and commissions.  Award at 4, ¶ 5.

These findings distinguish Mr. Fusco from the "innocent" debtors whose debts were found to be outside the scope of the discharge exception in Section 523(a)(19). Those debtors, unlike Mr. Fusco, were not named as parties in the securities violation claims, and did not have knowledge of or participate in the alleged misconduct.

In *In re Sherman*, for example, the court considered a situation where the debtor, an attorney, was directed to disgorge funds received from a client as a nominal defendant where the client – but not the attorney – had violated the federal securities laws. As the court noted, "[i]mportantly for our purposes, the SEC conceded that [the debtor] had not been found to have committed any securities violations on his own." *In re Sherman*, 658 F.3d at 1010. And there, the court concluded that "[Section] 523(a)(19) prevents the discharge of debts for securities-related wrongdoings only in cases where the debtor is responsible for that wrongdoing. Debtors who may have received funds derived from a securities violation remain entitled to a complete discharge of any resulting disgorgement order." *In re Sherman*, 658 F.3d at 1019. *See In re Sherman*, 653 F.3d at 1018 (distinguishing the debtor there from a hypothetical debtor who "actually aided or abetted a securities violation" and would therefore be "prosecuted for a violation of securities laws in addition to the primary violator").

And in *Wilcox*, the court considered a situation where the debtors, early investors in what proved to be a Ponzi scheme, were required to disgorge "profits distributed to them as a result of [the] Ponzi scheme" in a state court judgment obtained by the Oklahoma Department of Securities. *Wilcox*, 691 F.3d at 1174.

In *Wilcox*, as in *In re Sherman*, the debtors were not sued or prosecuted for securities law violations themselves. Rather, as the Tenth Circuit found:

> Although the Department claims these debtors are not innocent parties, it declined
> to prosecute them for securities laws violations. Had it done so successfully, any

42

> judgment it obtained would no doubt be considered nondischargeable under §
> 523(a)(19).  Instead, it argues these debts are immune from discharge merely
> because someone violated the securities laws and they coincidentally profited.

*Wilcox*, 691 F.3d at 1176.

> And the court observed:

> Permitting debtors, who were not personally found to be in violation of securities
> laws, to obtain relief from a judgment intended only to redistribute funds among
> multiple victims of a Ponzi scheme is in accordance with the plain language of
> [Section 523(a)(19)].  . . .  [t]he language of the statute cannot reasonably be
> stretched that far.

*Wilcox*, 691 F.3d at 1177.

By contrast, here, Mr. Fusco was among those named as a respondent in the arbitration

brought by Mr. Blake.  He appeared in and defended that proceeding.  And in entering the Award

against Mr. Fusco and others, the arbitration panel found that Mr. Fusco "knowingly

participated" in the misconduct that was alleged.  Award at 4, ¶ 5.  That is, the panel concluded

that Mr. Fusco both had knowledge of the misconduct and participated in it.

That misconduct includes, among other things, violations of Florida's blue sky laws –

violations of state securities law that brings the debt within the category identified in Section

523(a)(19)(A)(i).  It also includes fraud, churning, and misrepresentations in connection with the

sale and purchase of securities – amounting to common law securities fraud and manipulation

that bring the debt within the category of nondischargeable debt identified in Section

523(a)(19)(A)(ii).  Award at 4-5, ¶ 5.

In sum, even under the more exacting standards set forth by the Ninth Circuit in *In re*

*Sherman* and the Tenth Circuit in *Wilcox*, Mr. Blake has shown that the Award supports –

indeed, requires – the conclusion that Mr. Fusco was "personally found to be in violation of

securities laws." *Wilcox*, 691 F.3d at 1177.

*          *          *

For these reasons, and based on the entire record, Mr. Blake has shown that there is no genuine dispute of material fact as to the first element of his Section 523(a)(19) claim, on each of two alternative grounds.  First, under Section 523(a)(19)(A)(i), he has shown that there is no genuine dispute of material fact that the debt "is for . . . the violation of any of the Federal securities laws, . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws."  And second, in the alternative, under Section 523(a)(19)(A)(ii), he has shown that there is no genuine dispute of material fact that the debt "is for . . . common law fraud, deceit, or manipulation in connection with the purchase or sale of any security."

### <u>Whether Mr. Blake Has Shown that There Is No Genuine Dispute of Material Fact that the Debt Results from an Appropriately Memorialized Judgment, Agreement, or Award</u>

The second element that Mr. Blake must establish in order to prove his Section 523(a)(19) claim is that the debt results from a "judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding," a "settlement agreement entered into by the debtor," or a "court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor."  11 U.S.C. § 523(a)(19)(B).  Simply put, in order to come within the scope of Section 523(a)(19)'s exclusion from discharge, the debt at issue must be documented and "memorialized" in some fashion, whether in a court's judgment, order, or consent order, an administrative order, or a settlement agreement, among other forms.  *In re Pujdak*, 462 B.R. at 573.

Mr. Blake argues that it is "simply beyond dispute" that the debt owed to Mr. Blake by Mr. Fusco results from an order and judgment and order entered in a federal judicial proceeding

– specifically, the Confirmation Order entered by this Court on September 3, 2021 in this adversary proceeding – and that Section 523(a)(19)(B)(i) is therefore satisfied.  Plf. Supp. Reply at 3.

In response, Mr. Fusco does not dispute that this Court entered the Confirmation Order, nor does he dispute that the Confirmation Order is a federal court's order and judgment. February 16 Hearing Tr. 23:13-24.  Instead, Mr. Fusco argues that the debt owed to Mr. Blake "results" from the Award, not this Court's Confirmation Order, because the arbitration panel – not this Court – imposed liability on Mr. Fusco, determined the award amount, and created the debt that Mr. Fusco owes to Mr. Blake.  February 16 Hearing Tr. 12:3-6.  And he argues that for these reasons, the Award does not come within one of the three categories identified in Section 523(a)(19)(B).

To this same effect, Mr. Fusco also notes that the Award was entered in a FINRA arbitration proceeding, and argues that this is not a "federal or state judicial or administrative proceeding" within the meaning of Section 523(a)(19)(B)(i).  And he asserts that the Award is not a "settlement agreement entered into by the debtor" within the meaning of Section 523(a)(19)(B)(ii).  Finally, Mr. Fusco argues that the Award is not an "administrative order" within the meaning of Section 523(a)(19)(B)(iii) because it was rendered by a panel of arbitrators acting under FINRA's arbitration arm, FINRA Dispute Resolution, Inc., as opposed to FINRA's administrative arm, FINRA Regulation, Inc.  Def. Supp. Opp. at 5.

In his reply, Mr. Blake does not address the question of whether the FINRA arbitration proceeding is an administrative proceeding within the meaning of Section 523(a)(19)(B)(iii), because, he argues, the debt at issue here results from the Confirmation Order, and this satisfies the requirements of Section 523(a)(19)(B)(i).  February 16 Hearing Tr. 31:7-10.

Here, and at the outset, the record shows – and it is beyond reasonable dispute – that the Confirmation Order is an order and judgment entered in a federal judicial proceeding.  On September 3, 2021, in this federal judicial proceeding, this Court entered an order and judgment – the Confirmation Order –  in which this Court "ordered and adjudged, that pursuant to Section 9 of the Federal Arbitration Act, 9 U.S.C. § 9, the Award entered in the [Arbitration] is confirmed."  Confirmation Order at 2.  Mr. Fusco does not dispute the existence or nature of this Order.

And the record also shows that upon the entry of the Confirmation Order, the debt at issue here may be viewed as resulting from the Confirmation Order.  This is because "[i]n the Second Circuit, 'when an arbitration award is enforced through a judgment, the 'debt created by [the award] merges with a judgment entered on that [award], so that the [award] debt is extinguished and only the judgment debt survives.'"  *PDV Sweeny, Inc.*, 2015 WL 9413880, at *4 (quoting *Westinghouse Credit Corp.*, 371 F.3d at 102).

This result is consistent with decisions of other courts in this Circuit, which have similarly found that a judgment confirming an arbitration award is a sufficient basis to satisfy the requirements of Section 523(a)(19)(B).  *See, e.g., In re Gibbons*, 289 B.R at 591 (observing that Section 523(a)(19)(B) requires "only . . . that the . . . debt is based on a judgment confirming an [arbitration] award"); *In re Fleming*, 637 B.R. at 395 (finding that a state court order confirming a FINRA arbitration award is a judgment memorializing the debt sufficient to satisfy Section 523(a)(19)(B))*.

That is, here, the record shows that upon this Court's entry of the Confirmation Order, a judgment confirming an arbitration award was entered in federal court.  As a consequence, it is "facially apparent" that the debt "falls four-square within the scope" of Section 523(a)(19)(B)(i).

*In re Gibbons*, 311 B.R. at 403 (affirming the bankruptcy court's determination that a debt based on a judgment confirming an arbitration award for securities fraud is within Section 523(a)(19)'s exception to discharge).  And the record also shows that this Court had the "jurisdiction and authority" to enter both that order and judgment and determine the dischargeability of the debt resulting from it.  *In re Hill*, 495 B.R. at 661 (holding that bankruptcy court may enter the underlying judgment that serves as the basis for nondischargeable debt pursuant to Section 523(a)(19)).

*          *          *

For these reasons, and based on the entire record, Mr. Blake has shown that there is no genuine dispute of material fact as to the second element of his Section 523(a)(19) claim.  He has shown that the debt at issue here "results . . . from. . . . [a] judgment [and] order . . . entered in . . . [a] Federal . . . judicial . . . proceeding" – that is, this Court's Confirmation Order, confirming the Award entered in the arbitration proceeding.  11 U.S.C. § 523(a)(19)(B)(i).

## Conclusion

For the reasons stated herein, and based on the entire record, Mr. Blake's motion for summary judgment on his claim that that the debt owed by Mr. Fusco to him is nondischargeable under Bankruptcy Code Section 523(a)(19) is granted.

Mr. Blake has shown that there is no genuine dispute of material fact as to each of the two necessary elements of his claim.  As to the first element, he has shown that there is no genuine dispute of material fact that the debt is for the violation of state securities law, as set forth in Bankruptcy Code Section 523(a)(19)(A)(i).  And in the alternative, he has also shown that there is no genuine dispute of material fact that the debt is for common law fraud, deceit, or

manipulation in connection with the sale or purchase of securities, as set forth in Bankruptcy Code Section 523(a)(19)(A)(ii).

As to the second element, Mr. Blake has shown that there is no genuine dispute of material fact that the debt results from an order and judgment entered in a federal judicial proceeding, as set forth in Bankruptcy Code Section 523(a)(19)(B)(i).

An order and judgment in accordance with this Memorandum Decision shall be entered simultaneously herewith.



**Dated: Brooklyn, New York**
**August 3, 2022**

_____
**Elizabeth S. Stong**
**United States Bankruptcy Judge**